CASE BARNETT LAW
CASE C. BARNETT, ESQ. (SBN 233116)
1968 S. Coast Hwy. Suite 2680
Laguna Beach, CA  92651
Tel:    (949) 861-2990
Fax:   (888) 883-4294
Email:  case@casebarnettlaw.com
Email:  paige@casebarnettlaw.com

KOSKOFF KOSKOFF & BIEDER, P.C.
KATHERINE MESNER-HAGE, ESQ. (SBN 350216)
J. CRAIG SMITH, ESQ. *(Admitted Pro Hac Vice)*
350 Fairfield Avenue
Bridgeport, CT  06604
Tel:   (203) 336-4421
Fax:  (203) 368-3244
Email: kmesnerhage@koskoff.com
Email: csmith@koskoff.com
Email: dduprey@koskoff.com

Attorneys for Plaintiff
JEANETTE WALKER

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| JEANETTE WALKER, an individual<br>      Plaintiff,<br><br>v.<br><br>CONAGRA BRANDS, INC. a Delaware corporation, and DOES 1 through 50, inclusive,<br>      Defendants | Case No. 8:20-cv-01679-FWS (KESx)<br><br>**AMENDED COMPLAINT**<br><br>Complaint Filed:  May 26, 2020<br><br>District Judge:  Fred W. Slaughter<br>Courtroom:  10D<br><br>Magistrate Judge:  Karen E. Scott<br>Courtroom:  6D<br>Trial Date:  February 6, 2024 |

-1-
AMENDED COMPLAINT

COME NOW Plaintiff JEANETTE WALKER (hereinafter "JEANETTE") for causes of action against defendants, and each of them, complains and alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1. At all relevant times herein, Plaintiff was an adult individual residing at 2416 West Olive Street, City of Fullerton, County of Orange, State of California.

2. At all relevant times herein, defendant CONAGRA BRANDS, INC. (hereinafter "CBI") was and is a Delaware corporation with its principal place of business in Chicago, Illinois.

3. At all relevant times herein, CBI was qualified and/or authorized to do business in the State of California and was doing business within the State of California.

4. The true names and capacities, whether individual, corporate, associate or otherwise of the defendants DOES 1 through 50, inclusive, are at this time unknown to Plaintiff, who therefore sue said defendants by such fictitious names. Plaintiff is informed, believes and thereon allege that each of the defendants designated herein by a fictitious name is in some way negligent or otherwise responsible for the events and happenings herein referred to which proximately resulted in injury and damage to the Plaintiff as herein alleged and when the true names and capacities of said fictitiously named defendants have been ascertained, Plaintiff will amend this complaint to show the same. (CBI

collectively with DOES 1 through 50, inclusive, hereinafter referred to as the "DEFENDANTS"),

5. Plaintiff is informed and believes and upon such information and belief alleges that at all times herein mentioned, DEFENDANTS, and each of them, were acting as the agent, servant, partner, joint adventurer and/or employee of each of the other DEFENDANTS, and were acting within the course and scope of their agency, partnership, joint venture and/or employment and with full knowledge and consent of each of the other DEFENDANTS.

6. The acts and conduct alleged herein occurred in the County of Orange, State of California.

7. Jurisdiction in California is proper since: (1) DEFENDANTS, and each of them, have purposefully availed themselves to the benefits and protections of California laws by their acts alleged herein, including but limited to doing business in California; (2) the controversy is related to or arises out of the DEFENDANTS' contacts with the state since the acts and omissions alleged herein were made to a California resident; and (3) the assertion of personal jurisdiction would comport with fair play and substantial justice since DEFENDANTS were negligent or otherwise responsible for the events and happenings herein referred to which proximately resulted in injury and damage to the Plaintiff. *See Cal. Code Civ. Proc., § 410.10; Snowney v. Harrah's*

*Entertainment, Inc.*, 35 Cal. 4th 1054, 1062 (Cal. 2005*); Fireman's Fund Ins. Co. v. National Bank of Coops*, 103 F. 3d 888, 894 (9th Cir. 1996).

8. Venue in Orange County is proper because the events giving rise to the injury in this action occurred in Orange County, which is in this county.

## BACKGROUND FACTS

9. At all times herein mentioned, DEFENDANTS, and each of them, were and are engaged in the business of manufacturing, fabricating, designing, testing, assembling, importing, distributing, selling, inspecting, servicing, repairing, marketing, warranting, leasing, renting, retailing, wholesaling, loaning and/or advertising a certain subject Conagra Brands, Inc., PAM® cooking spray bottle, (hereafter the "PAM BOTTLE") and each and every component part thereof, which DEFENDANTS placed in the stream of commerce and knew, or in the exercise of reasonable care should have known, would be used without inspection for defects in its parts, mechanisms or design, for use in the State of California and elsewhere.

10. On October 13, 2019, at approximately 11:00 p.m. JEANETTE, who is relies on wheel-chair to get around, was at her primary residence in Fullerton, California preparing dinner for her nephew and his wife. JEANETTE's kitchen is set up with an combined oven-stove component where the stove unit is placed directly on top of the oven unit. On this day, JEANETTE turned on the oven in the

kitchen and set the temperature to 275 degrees to bake potatoes for dinner. JEANETTE placed the potatoes in the oven to bake then went to go take a shower. *At all times relevant hereto, the PAM BOTTLE was and continued to be on top of the stove in-between the two back burners; of note, the stove itself was never turned on.* At or around 11:45 p.m., JEANETTE came into the kitchen to check on the baked potatoes in the oven. All of a sudden and without any warning, the PAM BOTTLE exploded into flames. The flames engulfed JEANETTE. She inhaled the fumes. JEANETTE was in utter shock and confusion; in fact, she thought she was going to die. To make matters worse, JEANETTE was unable to shout for help because the fumes she inhaled choked her up, thereby temporarily prohibiting her from speaking, and JEANETTE could not drop and roll to put the flames out because of her wheel-chair status. Instead, JEANETTE burned in flames while she struggled to roll her wheel-chair in the view of her nephew and his wife who then rushed into the kitchen to stop the flames from causing JEANETTE further damage. JEANETTE was immediately transported to the emergency room where she remained under medical supervision and for treatment until December 6, 2019. The explosion caused, amongst other injuries, JEANETTE to suffer severe second and third degree burns covering a substantial portion of her body, which to be a daily

source of pain, suffering, and emotional grief. This accident sequence is hereinafter referred to as the "INCIDENT."

# FIRST CAUSE OF ACTION
## Strict Product Liability
### (As to the all CBI and DOES 1 through 50, inclusive)

11. Plaintiff incorporates, repeats and re-alleges each allegation in paragraphs 1 through 10 above, inclusive, and incorporate the same by reference as through fully set forth in full herein.

12. DEFENDANTS, and each of them, knew that the PAM BOTTLE was to be purchased and used without inspection for defects by users of that cooking spray bottle including but not limited to Plaintiff.

13. The PAM BOTTLE, and each of its component parts, were manufactured designed, assembled, packaged, tested, fabricated, analyzed, inspected, merchandised, marketed distributed, labeled, advertised, promoted, sold, supplied, loaned, leased, rented, repaired, adjusted, and/or selected by DEFENDANTS, and each of them, with inherent vices and defects both in design and manufacturing (hereafter "PAM BOTTLE DEFECTS"), of which they were at all times aware, which PAM BOTTLE DEFECTS made the PAM BOTTLE and each of its component parts, dangerous, hazardous and unsafe both for its intended use or for reasonably foreseeable misuses.

14. These PAM BOTTLE DEFECTS included, but were not limited to the following:

   a. Defective and unsafe u-shaped vents on the bottom of the bottle that can open during storage and common use, emitting flammable propellants like propane and butane that can cause the bottle to explode unexpectedly and violently.



   .
15. The PAM BOTTLE, and each of its component parts was/were unsafe for its/their intended use(s) and reasonably foreseeable misuses by reason of the defects in its/their design and/or manufacturing by said DEFENDANTS, and each of them, in that when the PAM BOTTLE and each of its component parts was used by plaintiffs on October 13, 2019, as intended or in a reasonably foreseeable manner, the PAM BOTTLE, during a reasonably foreseeable event,

was dangerous and defective, and the u-shaped vents failed to perform properly and legally caused JEANETTE's injuries and damages as alleged herein.

16. As a direct and legal result of the conduct of DEFENDANTS, and each of them, and the PAM BOTTLE DEFECTS inherent in the PAM BOTTLE, JEANETTE suffered serious physical, mental, and emotional injuries, and as a result of those injuries seeks recovery of damages for past and future medical expenses, future lost earnings and/or lost earning capacity, and past and future non-economic damages for her pain, suffering, emotional distress, and disfigurement in a sum in excess of the minimum subject matter jurisdiction of this Superior Court according to proof at trial.

## SECOND CAUSE OF ACTION
### Product Liability – Negligence
### (As to the all DEFENDANTS)

17. Plaintiff incorporates, repeats and re-alleges each allegation in paragraphs 1 through 16 above, inclusive, and incorporate the same by reference as through fully set forth in full herein.

18. At all times herein mentioned, DEFENDANTS, and each of them, had a duty to use reasonable due care in the manufacture, design, assembly, packaging, testing, fabricating, analysis, inspection, merchandising, marketing, distributing, labeling, advertising, promotion, sale, supply, lease, rental, lending, selection, inspection and repair of the PAM BOTTLE and each of its component parts.

-8-
AMENDED COMPLAINT

19. At all times mentioned, DEFENDANTS, and each of them, knew, and/or in the exercise of reasonable care should have known, that said PAM BOTTLE and each of its components parts were not properly manufactured, designed, assembled, packaged, tested, fabricated, analyzed, inspected, merchandised, marketed, distributed, labeled, advertised, promoted, sold, supplied, loaned, leased, rented, repaired, and/or selected for the use and purpose for which it was intended in that it was likely to injure the person who used said product, each of its component parts and/or aftermarket parts and/or installation guides.

20. DEFENDANTS, and each of them, so negligently and carelessly, manufactured, designed, assembled, packaged, tested, fabricated, analyzed, inspected, merchandised, marketed, modified, distributed, labeled, advertised, promoted, sold, supplied, leased, loaned, rented, repaired, selected, and provided said PAM BOTTLE and each of its component parts so that the same was a defective and dangerous product, unsafe and not fit for the respective use and purpose for which it was intended when used as recommended or for reasonably foreseeable misuse by members of the public, including the actions of JEANETTE when she turned the oven on to 275 degree while the PAM BOTTLE was on top of the stove (which was not turned on). The u-shaped vents on the bottom of the PAM BOTTLE emitted flammable propellants like propane and butane that resulted in a traumatic explosion, causing severe injuries to JEANETTE.

21. As a direct and legal result of the negligence, carelessness, and unlawful conduct of DEFENDANTS, and each of them, and the defects inherent in the PAM BOTTLE, DEFENDANTS legally caused the severe personal injuries to JEANETTE, all in turn legally resulting in JEANETTE's damages as set forth above in paragraph 16.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant and DOES 1 through 50, inclusive, as to all causes of action as follows:

1. General damages in an amount within the jurisdiction of this court;
2. Medical expenses and future medical expenses in an amount to be proven at the time of trial;
3. Future lost earnings and/or lost earning capacity;
4. Interest as permitted by law;
5. Costs of suit incurred herein; and
6. Such other and further relief as the court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

| | |
|---|---|
| Dated: September 21, 2023 | KOSKOFF KOSKOFF & BIEDER, |
| | */s/ Katherine Mesner-Hage* |
| | Katherine Mesner-Hage, Esq. |
| | Attorneys for Plaintiffs |

# PROOF OF SERVICE

STATE OF CONNECTICUT   )
                      ) ss. Bridgeport
COUNTY OF FAIRFIELD    )

I am employed in the County of Fairfield, State of Connecticut. I am over the age of eighteen years and not a party to the within action. I am employed with Koskoff Koskoff & Bieder, P.C., 350 Fairfield Avenue, Bridgeport, CT 06604.

On September 21, 2023, I served the within documents entitled:

## AMENDED COMPLAINT

[X]   (BY CM/ECF) I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail notice list, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants (if any) indicated on the Manual Notice list.

| | |
|---|---|
| **NICOLSON LAW GROUP, P.C.**<br>DANIEL S. CHO, ESQ.<br>21650 Oxnard Street, Suite 1410<br>Woodland Hills, CA 91367<br>Tel.: (818) 858-1120<br>Fax: (818) 858-1124<br>Email: Cho@NicolsonLawGroup.com | Attorney for Defendant,<br>CONAGRA BRANDS, INC. |
| **NORTON ROSE FULBRIGHT US LLP**<br>EMILY A. AMBROSE, ESQ. *(Admitted Pro Hac Vice)*<br>TED HARTMAN, ESQ. *(Admitted Pro Hac Vice)*<br>RBC Plaza<br>60 South Sixth Street, Suite 3100<br>Minneapolis, MN 55402<br>Telephone Number: (612) 321-2275<br>Facsimile Number: (612) 321-2288<br>Email: Emily.Ambrose@NortonRoseFulbright.com | Attorneys for Defendant,<br>CONAGRA BRANDS, INC. |

[X]   **(FEDERAL)** – I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 21, 2023, at Bridgeport, Connecticut.

                                                      ___*/s/ Danielle E. Duprey*_____
                                                     Danielle E. Duprey